**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO.: 7:11-CR-18 (HL)** |
| vs. | : | |
| | : | |
| **WILLIAM S. BUCHANAN** | : | |
| | : | |

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, on May 2, 2011, Defendant William S. Buchanan hereinafter referred to as "Defendant") pled guilty to Count One of an Information charging him with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(4)(B);

AND WHEREAS, the Information contained a Forfeiture Notice, pursuant to which the United States seeks forfeiture under 18 U.S.C. § 2253, of specific property of Defendant, used and intended to be used, in any manner or part, to commit and promote the commission of the aforesaid violation;

AND WHEREAS, the Court has determined, based on the evidence already in the record and Defendant's Plea Agreement: (1) that Defendant has an ownership interest in the following property; (2) that the following property is subject to forfeiture pursuant to 18 U.S.C. § 2253; and (3) that the United States has established the requisite nexus between the aforesaid offense and the aforementioned property:

    a.    Any visual depictions of minors engaged in sexually explicit conduct, including but not limited to those visual depictions referred to in Count One of the Information;

    b.    One Dell Inspiron 5315, ST: 965NDF1;

    c.    One Dell Latitude D600, ST: 12BKR61;

d. One Gateway GT5220, Serial Number 5ND3YDXB;

e. One Gray laptop, Serial Number Y523NDM0103-A;

f. One Gray Desktop, MOBO Serial Number UY2T64502277;

g. One HP Compaq 5800, Serial Number ZUA90410K1;

h. One Toshiba Satelite PS225U, Serial Number X0991657U;

i. One Attache USB Thumb Drive, Serial Number 03EAB6070605983;

j. One Seagate Ext. HDD, Serial Number 5R17KRK;

k. 211 Diskettes (3.5); and

l. 22 CD-ROM's.

Therefore, upon entry of this Order, the United States Attorney General or his designee is authorized to seize the property, and to conduct proper discovery in identifying, locating or disposing of the property in accordance with FED. R. CRIM. P. 32.2(b)(3) and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

The United States shall publish notice of the Order and its intent to dispose of the property in such a manner as the United States Attorney General or his designee may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the property.

Any person, other than the above-named defendant, asserting a legal interest in the property must, within thirty (30) days after receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture site, *www.forfeiture.gov*, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the

Order of Forfeiture, pursuant to 21 U.S.C. § 853(n), as incorporated by Title 18, United States Code, Section 2253(b).

**Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment**. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by FED. R. CRIM. P. 32.2(c)(2).

Any petition filed by a third-party asserting an interest in the property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n), as incorporated by Title 18, United States Code, Section 2253(b), for the filing of third-party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to FED. R. CRIM. P. 32.2(e).

SO ORDERED, this 11th day of May, 2011.

                                     s/ Hugh Lawson
                                     HUGH LAWSON, SENIOR JUDGE
                                     UNITED STATES DISTRICT COURT

PREPARED BY:
s/ DANIAL E. BENNETT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA STATE BAR NO. 052683