# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO.: 7:11-CR-18 (HL)** |
| vs. | : | |
| | : | |
| **WILLIAM S. BUCHANAN** | : | |
| | : | |

## AMENDED PRELIMINARY ORDER OF FORFEITURE

On May 11, 2011, this Court entered a Preliminary Order of Forfeiture pursuant to the Government's Motion for Issuance of a Preliminary Order of Forfeiture. On June 20, 2011, the United States filed a Motion requesting the Court to enter an Amended Preliminary Order to correct the descriptions of certain property subject to forfeiture in this action.

Accordingly, on motion of the United States and for good cause, the Preliminary Order of Forfeiture entered on May 11, 2011, is hereby VACATED, and this Amended Preliminary Order of Forfeiture is entered in its place.

WHEREAS, on May 2, 2011, Defendant William S. Buchanan (hereinafter referred to as "Defendant") pled guilty to Count One of an Information charging him with Possession of Child Pornography, in violation of Title 18, U.S.C. §, 2252(a)(4)(B);

AND WHEREAS, the Information contained a Forfeiture Notice, pursuant to which the United States seeks forfeiture under 18 U.S.C. § 2253, of specific property of Defendant, used and intended to be used, in any manner or part, to commit and promote the commission of the aforesaid violation:

AND WHEREAS, the Court has determined, based on the evidence already in the record and Defendant's Plea Agreement: (1) that Defendant has an ownership interest in

the following property; (2) that the following property is subject to forfeiture pursuant to 18 U.S.C. § 2253; and (3) that the United States has established the requisite nexus between the aforesaid offense and the following property:

    a. Any visual depictions of minors engaged in sexually explicit conduct, including but not limited to those visual depictions referred to in Count One of the Information;

    b. One Dell Inspiron 5315, ST: 965NDF1;

    c. One Dell Latitude D600, ST: 12BKR61;

    d. One Gateway GT5220, Serial Number GCN6811008106;

    e. One Gray laptop, Serial Number Y523NDM0103-A;

    f. One Gray Desktop, MOBO Serial Number UY2T64502277;

    g. One HP Compaq 5800, Serial Number 2UA90410K1;

    h. One Toshiba Satelite PS225U, Serial Number X0991657U;

    i. One Attache USB Thumb Drive, Serial Number 03EAB6070605983;

    j. One Seagate Ext. HDD, Serial Number 5LR17KRK;

    k. 211 Diskettes (3.5); and

    l. 22 CD-ROM's.

Therefore, upon entry of this Order, the United States Attorney General or his designee is authorized to seize the subject property, and to conduct proper discovery in identifying, locating or disposing of the subject property in accordance with Fed. R. Crim. P. 32.2(b)(3), and to commence any applicable proceeding to comply with the statutes governing third-party rights, including giving notice of this Order.

The United States shall publish notice of the Order and its intent to dispose of the subject property in such a manner as the United States Attorney General or his designee may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

Any person, other than the above-named defendant, asserting a legal interest in the subject property may, within thirty (30) days after receipt of notice or no later than sixty (60) days from the first day of publication on the official internet government forfeiture site, *www.forfeiture.gov*, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of their alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n), as incorporated by Title 18, United States Code, Section 2253(b).

**Pursuant to F**ED**. R. C**RIM**. P. 32.2(b)(4), this Amended Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment**.  If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by FED. R. CRIM. P. 32.2(c)(2). Any petition filed by a third-party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the

Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n), as incorporated by Title 18, United States Code, Section 2253(b), for the filing of third-party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to FED. R. CRIM. P. 32.2(e).

SO ORDERED, this 24th day of June, 2011.

    s/ Hugh Lawson
    HUGH LAWSON, SENIOR JUDGE
    UNITED STATES DISTRICT COURT

PREPARED BY:

s/ DANIAL E. BENNETT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 052683